UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEE RANDOLPH STEWART,

    Plaintiff,

v.

STEVE FREITAS, et al.,

    Defendants.

Case No. 17-cv-01529-MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at the Sonoma County Jail ("SCJ"), filed this pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se complaints must be liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotations omitted). Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

According the complaint, on January 8, 2017, while housed at SCJ, plaintiff refused an order to move from a lower bunk to an upper bunk. The order was given by defendant deputy A. Marlowe. Plaintiff alleges that he refused to move bunks because he had a disability, which was documented. Marlowe proceeded to solicit a mental health worker to analyze plaintiff, which led to plaintiff's transfer to the mental health unit. Plaintiff identifies the mental health worker as defendant John Doe.

Plaintiff filed inmate grievances challenging the housing reclassification. In the decisions rejecting his grievances, he was informed that Marlowe was unaware of plaintiff's lower bunk accommodations and was acting under instructions from defendant Sergeant Gallaway, who had suggested the mental health intervention based on plaintiff's behavior after being directed to move to an upper bunk.

   1.   Due Process

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two

sources: the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." Id. at 484, 487.

Here, plaintiff alleges that he spent six weeks in the mental health unit causing him to miss classes, which classes would have allowed him to earn milestone credits towards his sentence. Accepting that as true, as the court must at the pleading stage, the complaint alleges sufficient facts to show an atypical and significant hardship was imposed on plaintiff. However, the complaint does not sufficiently link any defendant to this claim. Specifically, although plaintiff alleges that defendants Marlowe and Gallaway ordered a mental health analysis, he does not establish that these defendants, or any other defendant(s), were responsible for the decision to transfer plaintiff to the mental health unit without due process. Leave to amend will be granted so that plaintiff may allege facts, if they exist, showing who made the housing decision. In his amended complaint, plaintiff also must identify the procedural protections – such as notice or a hearing – not provided to him before he was transferred.

2. John Doe Defendant

The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: the person identified as a Doe

cannot be served with process until he or she is identified by his or her real name. If plaintiff files an amended complaint and seeks to include the SCJ mental health worker identified as John Doe as a defendant, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of John Doe and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

### 3. Defendant Sheriff Freitas

With respect to defendant Sheriff Freitas, plaintiff appears to have named this individual as a defendant because of his supervisory role. Plaintiff is advised that a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff is given leave to amend to add such allegations, if he truthfully can do so.

### 4. Defendants Huddleston and Cooper

Plaintiff's allegations that defendants Lieutenant Huddleston and Sergeant Cooper mishandled his inmate grievances are dismissed for failure to state a claim under § 1983 because it is well established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same). These allegations are dismissed without leave to amend.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The complaint is dismissed with leave to amend. If plaintiff believes he can cure

the above-mentioned deficiencies in good faith, plaintiff must file an AMENDED COMPLAINT within **thirty (30)** days from the date of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (17-1529 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. See Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

In his amended complaint, plaintiff must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 29, 2017

MARIA-ELENA JAMES
United States Magistrate Judge